UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE JOHNSON,<br>Plaintiff,<br>v.<br>CARLOS BOLONOS,<br>Defendant. | Case No. 22-cv-00673-JD<br><br>**ORDER RE SERVICE** |

Plaintiff, a former detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The second amended complaint was dismissed with leave to amend, and plaintiff filed a third amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that the jail policy regarding COVID-19 violated his rights and resulted in injuries when he contracted the virus.  When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id.* at 536-37.  If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective it does not, without more, amount to punishment. *See id.* at 539.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658,

690 (1978), but a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

Plaintiff alleges that San Mateo County is liable pursuant to *Monell*, for a COVID-19 outbreak that occurred at San Mateo County Jail. He argues that the county's policy violated his constitutional rights. Plaintiff and others were kept quarantined in the same unit with detainees who had COVID-19. Plaintiff's cellmate tested positive, but plaintiff was not moved and then suffered injuries after contracting COVID-19. Liberally construed this is sufficient to proceed.

## CONCLUSION

1. The case continues against San Mateo County. All other defendants are **DISMISSED**. The Clerk will issue a summons and the United States Marshal will serve, without prepayment of fees, copies of the third amended complaint (Dkt. No. 17) with attachments and copies of this order on San Mateo County.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than fifty-six days from the date of service, defendants will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he will so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court will be promptly served on the plaintiff.

1    b.    At the time the dispositive motion is served, defendants will also serve, on a
2 separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-
3 954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
4 *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be
5 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,
6 not earlier); *Rand* at 960 (separate paper requirement).

7    c.    Plaintiff's opposition to the dispositive motion, if any, will be filed with the
8 Court and served upon defendants no later than twenty-eight days from the date the motion was
9 served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which
10 is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
11 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

12 If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust
13 his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
14 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
15 to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

16    d.    If defendants wish to file a reply brief, they shall do so no later than
17 fourteen days after the opposition is served upon him.

18    e.    The motion shall be deemed submitted as of the date the reply brief is due.
19 No hearing will be held on the motion unless the Court so orders at a later date.

20  3.   All communications by plaintiff with the Court must be served on defendants, or
21 defendants' counsel once counsel has been designated, by mailing a true copy of the document to
22 defendants or defendants' counsel.

23  4.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
24 No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the
25 parties may conduct discovery.

26  5.   It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
27 informed of any change of address by filing a separate paper with the clerk headed "Notice of
28 Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to

4

do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 9, 2023

JAMES DONATO
United States District Judge