UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE JOHNSON,<br>Plaintiff,<br>v.<br>SAN MATEO COUNTY,<br>Defendant. | Case No. 22-cv-00673-RFL (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Dkt. No. 29 |

**INTRODUCTION**

Plaintiff Darrell Eugene Johnson alleges in this 42 U.S.C. § 1983 lawsuit that he contracted COVID because defendant San Mateo County failed to implement proper COVID-protection protocols. Defendant moves for summary judgment on grounds that Johnson failed to exhaust his administrative remedies. Johnson has filed an opposition and defendant has filed a reply.

Defendant's summary judgment motion is GRANTED. Johnson failed to exhaust his administrative remedies as to his claims regarding COVID protocols. In the ninety health care service request forms and thirteen inmate grievances he filed while in custody, none mention COVID protocols or defendant's alleged failure to implement them. He provides no evidence to support the allegation in his opposition brief that he filed an emergency grievance regarding COVID protocols when his cellmate contracted COVID and Johnson wanted to be moved. The undisputed evidence shows that the Sheriff's Office has no record of any grievance filed by Johnson around the time his

1

roommate contracted COVID, and has no record of any COVID-related grievance filed by Johnson at all. Furthermore, even if there had been such grievance, its denial was never appealed, and therefore the grievance was never exhausted.

## BACKGROUND

The following factual allegations are undisputed unless specifically noted otherwise.

**i.     Custodial Conditions and Events**

Johnson was in the custody of the San Mateo County Sheriff's Department from July 20, 2021 until he was released on August 9, 2022. (Giletti Decl. in Support of Def.'s Mot. for Summ. J. ("Giletti Decl."), Dkt. No. 29-2 at ¶ 6.) From November 23, 2021, to February 21, 2022, he was housed in the Maguire Correctional Facility, where he was celled with one other inmate, FG. (*Id.* ¶ 11.)

Johnson's July 29, 2021 medical records show he had received a series of COVID vaccinations; had tested negative for COVID on August 2, 2021, December 30, 2021, and on January 4, 2022 when his entire housing pod was tested. (Del Rosario Decl. in Support of Def.'s Mot. for Summ. J. ("Del Rosario Decl."), Dkt. No. 29-1 at ¶ 7.) His cellmate FG tested positive at that time along with 30 others in the pod. (*Id.* ¶ 13.) The pod was tested again on January 9, at which point Johnson tested positive. (*Id.*) Everyone in the pod was tested every five days, in accordance with protocol so that health services and the sheriff "could do their best to monitor and contain the spread of the virus." (*Id.*)

On January 9, Johnson was seen by a nurse, who wrote that "Plaintiff said he had been coughing all night, had a swollen tongue, a knot in his upper back, his chest was on fire, and he had a headache." (*Id.* ¶ 15.) The nurse noted that he was alert, "oriented," had clear lungs, there were no signs of respiratory distress, and his vital signs were normal. (*Id.*) A doctor advised the nurse to monitor the tongue swelling and oxygenation, and that the other symptoms were COVID-related. (*Id.*) Johnson was given

a new albuterol inhaler.  (*Id.*)  There are no other entries in his medical records about COVID-19.  (*Id.*)  "Plaintiff did not have worsening symptoms and did not require further medical treatment related to COVID-19."  (*Id.*)

### ii.     Exhaustion

The San Mateo County Sheriff's Office's Corrections Procedures Manual, which was in effect at the time of Johnson's custody, allows inmates to file inmate grievances and health care grievances.  (Gilletti Decl. ¶ 7, Exs. A and B.)  The forms for these grievances are "the only method for seeking administrative remedies for problems in the jail."  (Gilletti Decl. ¶¶ 7-8.)  If the initial grievance is denied, an inmate can appeal.  "In all cases, the final level of appeal is to the Division Commander (the Sheriff's Captain in charge of Corrections)."  (*Id.*, Ex. A at 612.3.3 and Ex. B at 701.4.)

Johnson alleges that he exhausted his administrative remedies.  In his opposition, he says he exhausted his administrative remedies while in the jail by filing a grievance form, and contends it is in defendant's records.  (Opp., Dkt. No. 32 at 2.)  "Basically it was denied by the deputy who answered it admitting no wrong doing!"  (*Id.*)  Johnson says nothing about appealing his denied grievance.  In the operative complaint he alleges again that he submitted a grievance.  "I do not know the grievance no. for the grievance I filed in the San Mateo Co. Jail, but there is a record of me filing a grievance at a time and a date and signed by a deputy."  (Third Am. Compl., Dkt. No. 17 at 1.)  After having written this, he leaves blank the lines in the complaint form in which a litigant should provide details regarding any appeal of a grievance.  (*Id.* at 2.)  Yet, in that operative complaint, Johnson checked YES in response to the question "Is the last level to which you appealed the highest level of appeal available to you?"  (*Id.*)

Defendant submitted a declaration from the pertinent custodian of records at the Sheriff's Office, which defendant contends shows that Johnson failed to exhaust his administrative remedies.  The declaration states that though Johnson filed ninety Health Services Request forms and thirteen grievances during his time in custody, none

3

"mention or indirectly refer to COVID-19 or are related to COVID-19 in any way," except for one that "made a reference to the fact that Plaintiff had been vaccinated against the virus."  (Gilletti Decl. at ¶ 10; MSJ, Dkt. No. 29 at 11.)  "Plaintiff filed grievances on the following dates in 2021:  July 24 (two grievances), September 23, November 24 (two grievances), December 7, and December 13, and on the following dates in 2022:  January 18, January 30, on or about March 17, April 3, April 23, and on or about June 13."  (*Id.*)  The Sheriff's Office has no record of Johnson filing any grievance around the time of his cellmate contracting COVID around January 4, 2022, as the Sheriff's records show that Johnson filed no grievances between December 13, 2022, and January 18, 2022.  (Supplemental Giletti Decl. in Support of Def.'s Mot. for Summ. J., Dkt. No. 33-1, ¶ 7.)

In April 2022, Johnson filed a claim with the San Mateo County Board of Supervisors, through which he sought payment for having contracted COVID while he was in the sheriff's custody.  (Decl. of Sukhmani Purewal in Support of Def.'s Mot. for Summ. J., Dkt. 29-3, ¶ 4; Exh. A.)  While filing such a claim with the county is required to pursue a tort claim against the state, it has no bearing on whether administrative remedies were exhausted for purposes of section 1983 suits.  *Felder v. Casey*, 487 U.S. 131, 140-41 (1988).  To exhaust administrative remedies, Johnson must follow the administrative grievance procedures required by the Sheriff's Office, which does not recognize the claim form with the county as an acceptable vehicle through which to register jail grievances.  (Gilletti Decl. ¶ 8.)

## STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  *Id.*

4

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The Court is concerned only with disputes over material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

## DISCUSSION

Prisoners must properly exhaust their administrative remedies properly before filing suit in federal court, as mandated by the Prison Litigation Reform Act. *Ross v. Blake*, 578 U.S. 632, 638-641 (2016); *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner is required to exhaust the grievance procedures that are "capable of use" to obtain "some relief for the action complained of." *Blake*, 578 U.S. at 642 (quoting *Booth*

*v. Churner*, 532 U.S. 731, 738 (2006)).  Unless the administrative process is not available, "the PLRA's text suggests no limits on an inmate's obligation to exhaust — irrespective of any 'special circumstances.'"  *Id.* at 639.  "[T]hat mandatory language means a court may not excuse a failure to exhaust."  *Id.*

The prison's requirements define the boundaries of proper exhaustion.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules."  *Ngo*, 548 U.S. at 90.  The exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  *Id.* at 84.

The defendant bears the burden of proving that an administrative remedy was available to the prisoner and that he failed to exhaust such remedy.  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).  "Once the defendant has carried that burden, the prisoner has the burden of production.  That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him."  *Id.*

Defendant has presented evidence that an administrative remedy was available to Johnson, who made thorough use of it during his custody, and that Johnson did not exhaust.  An inspection of the 90 Health Services Request forms and 13 grievances Johnson filed during his time in custody shows that there is no mention of COVID or the jail's failure to adhere to appropriate COVID protocols.

Johnson has not shown a genuine dispute of material fact that he exhausted his remedies.  His allegations regarding the grievance he filed about his COVID claims are conclusory.  He does not know the date he submitted it, nor does he describe what specific allegations it contained.  He says only that it was denied and is on file with defendant.  Such unadorned allegations cannot create a triable issue.  Where, as here, a

defendant has "provided documentation of non-exhaustion," a plaintiff's conclusory explanation that he exhausted his claims is insufficient to create a triable issue of fact. *Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (plaintiff's conclusory allegation that prison administrators obstructed his attempts to exhaust deemed insufficient to rebut defendants' detailed record of plaintiff's repeated failure to use the exhaustion process properly).

Also, crucially, Johnson fails to describe any attempt to appeal his denied grievance. He admits he submitted an initial grievance and that it was denied at the first level of review. However, he does not describe any attempt to appeal the denial of that grievance, which here would be to the Division Commander. Johnson then has not complied with the requirement to use all steps of an administrative process and comply with "deadlines and other critical procedural rules." *Ngo*, 548 U.S. at 90.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED. (Dkt. No. 29.) The Clerk shall terminate Dkt. No. 29, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED.**

**Dated:** January 22, 2024

                                                RITA F. LIN
                                        United States District Judge